## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SHAQUERRA A. FULTZ, individually, and on
behalf of all others similarly situated,

     Plaintiff,

v.                                                                  Case No. 1:22-cv-04707

RECEIVABLES MANAGEMENT PARTERS,
LLC d/b/a RMP, LLC,

     Defendant.

_____/

## CLASS ACTION COMPLAINT

**NOW COMES** SHAQUERRA A. FULTZ ("Plaintiff"), individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of RECEIVABLES MANAGEMENT PARTERS, LLC d/b/a RMP, LLC. ("Defendant") as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA").

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7.      SHAQUERRA A. FULTZ is a natural person, over 18-years-of-age, who at all times relevant resided in Woodridge, Illinois.

8.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP, LLC is a corporation organized and existing under the laws of Delaware.

11.     Defendant maintains its principal place of business at 8085 Knue Road, Indianapolis, Indiana. Defendant is a third party debt collector that serves a variety of industries. Defendant is a limited liability company

12.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

2

**FACTUAL ALLEGATIONS**

14.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5932.

15.     At all times relevant, Plaintiff's number ending in 5932 was assigned to a cellular telephone service.

16.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17.     Prior to the events giving rise to this action, Plaintiff received emergency medical services at local hospitals in Illinois.

18.     Due to financial difficulty, Plaintiff was unable to pay for the medical services rendered by the hospitals ("subject debt").

19.     At some point in time, the subject debt was placed with Defendant for collection.

20.     In March 2022, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

21.     Plaintiff answered a call from Defendant in July 2022, and advised Defendant to cease its collection calls.

22.     Unsympathetic to Plaintiff's request, Defendant continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone.

23.     Plaintiff's request that the collection calls cease fell on deaf ears and Defendant continued placing harassing collection calls Plaintiff's cellular phone, including calls from the phone numbers: (844) 711-5503. Upon information and belief, Defendant has also called Plaintiff from various other numbers.

24.     In the calls that Plaintiff did not answer, Defendant would leave the following prerecorded voicemail on Plaintiff's cellular telephone stating:

> *"Hi. This call is from a debt collector. This is RPM LLC. Please call us back at 844-711-5508. Again, the number is 844-711-5508. Thank you."*

25.     In total, Defendant placed dozens of prerecorded collection calls ("robocalls") to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

26.     At no point in time did Plaintiff provide her cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

27.     Defendant's pre-recorded robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28.     Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

29.     Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendants to cease their abusive collection practices.

## CLASS ALLEGATIONS

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein

31.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt allegedly owed to a third party; (6) within the four years preceding the date of this complaint through the date of class certification.

32.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

**A.     Numerosity**

33.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

35.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendants.

**B.      Commonality and Predominance**

37.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

39.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendants' conduct.

**D.      Superiority and Manageability**

40.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

44.     Plaintiff will adequately and fairly represent and protect the interests of the Putative

Class.

45.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendants

have no defenses unique to Plaintiff.

46.     Plaintiff has retained competent and experienced counsel in consumer class action

litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class against Defendants)

47.     All paragraphs of this Complaint are expressly adopted and incorporated herein as

though fully set forth herein

48.     Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made

for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number

assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

radio common carrier service, or any service for which the called party is charged for the call."

*Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

49.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing dozens of non-

emergency prerecorded robocalls to Plaintiff's phone number utilizing an artificial or prerecorded

voice without Plaintiff's consent.

50.     As pled above, Defendant used an artificial or prerecorded voice which

automatically played upon the call reaching Plaintiff's voicemail.

7

51.     Defendant did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided her number to Defendant or otherwise consented to Defendant's calls, and (2) Plaintiff revoked any prior consent that Defendant may have had by requesting that the collection calls cease.

52.     Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

53.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

54.     As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

a.      an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b.      a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c.      an order enjoining Defendants from placing further violating calls to consumers;

d.      an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f.      any further relief this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (Plaintiff individually against Defendant)

55.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.  Violations of FDCPA § 1692c

56.     Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

57.     As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

58.     Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

59.     Defendant violated § 1692c(a)(1) by placing dozens of collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

60.     Specifically, since Plaintiff did not want *any* calls from Defendant, any call placed by Defendant after the cease request was placed at a time that Defendant knew was an inconvenient time for Plaintiff.

### b.  Violations of FDCPA § 1692d

61. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

62. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

63. Defendant violated §§ 1692d and d(5) by placing dozens of collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt *after* Plaintiff requested that the collections calls cease.

64. Defendant's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone number is inherently harassing and abusive.

65. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant had actual knowledge that Plaintiff did not want to be called on her cellular phone.

66. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made a request(s) that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

67. As set forth above, Plaintiff was injured by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a.     A judgment in Plaintiff's favor for Defendant's violations of the FDCPA;

b.     An award of statutory damages in the amount of $1,000.00;

c.     An award of compensatory damages;

d.     An award of reasonable attorney's fees and costs; and

e.      Any further relief this Court deems just and proper.

**COUNT III:**
**Violations of the Illinois Consumer Fraud and Deceptive Business Practices**
**(Plaintiff individually against Defendant)**

71.      All paragraphs of this Complaint are expressly adopted and incorporated herein as

though fully set forth herein.

72.      The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")

provides:

> "Unfair methods of competition and unfair or deceptive acts or practices,
> including but not limited to the use or employment of any deception, fraud,
> false pretense, false promise, misrepresentation or the concealment,
> suppression or omission of any material fact, with intent that others rely upon
> the concealment, suppression or omission of such material fact . . . in the
> conduct of any trade or commerce are hereby declared unlawful whether any
> person has in fact been misled, deceived or damaged thereby." 815 ILCS
> 505/2.

73.      Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and

(e) respectively.

74.      Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its

attempts to collect a relatively small debt from Plaintiff.

75.      It was unfair for Defendant to continue to place incessant collection calls to Plaintiff

after she requested that the collections calls cease.

76.      It was unfair for Defendant to place dozens of calls to Plaintiff's cellular phone

after it was notified that the calls were unwanted.

77.     It was unfair for Defendant to attempt to bully Plaintiff into making a payment on the subject debt by pounding Plaintiff with harassing collection calls.

78.     It was unfair and deceptive for Defendant to falsely assure Plaintiff that the calls would cease only for the calls to continue.

79.     Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular phone. However, given the imperative function cellular phones play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

80.     The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

81.     Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

82.     Upon information and belief, placing unwanted harassing phone calls to consumers is an unfair business practice willfully employed by Defendant on a mass scale.

83.     As pled above, Plaintiff was harmed by Defendant's unfair conduct.

84.     The ICFA was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

85.     An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of the Plaintiff and similarly situated consumers.

**WHEREFORE**, Plaintiff requests the following relief:

a.     a finding that Defendant violated Illinois Stat. §§ 815 ILCS 505/2;

b.      an award of actual damages sustained by Plaintiff as a result of Defendant's

violation(s);

c.      an award of additional statutory damages, as the Court may allow, but not

exceeding $1,000.00;

d.      an award of court costs and reasonable attorney's fees incurred by Plaintiff pursuant

to 815 ILCS 505/10a(c); and

e.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: September 1, 2022                Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mdaher@sulaimanlaw.com

13