**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAQUERRA A. FULTZ, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:22-cv-04707-RRP Honorable Rebecca R. Pallmeyer |
| v. | ) ) | |
| RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP, LLC, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT RECIEVABLES MANAGEMENT PARTNERS, LLC'S,**
**ANSWER TO PLAINTIFF'S COMPLAINT,**
**AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Receivables Management Partners, LLC's, Inc. ("Defendant" or "RMP"), by and through their undersigned counsel, answers the Complaint ("Complaint") of Shaquerra A. Fultz ("Plaintiff") and states as follows:

**NATURE OF THE ACTION**

1. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

2. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

3. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

4. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

1

5.      Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6.      Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## PARTIES

7.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

8.      Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

9.      Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

10.     Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

11.     Admitted in part denied in part. Defendant admits that it has a place of business in Indiana. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

12.     Denied.

13.     Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall

under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

## **FACTUAL ALLEGATIONS**

14.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

15.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

16.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

17.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

18.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

19.  Denied.

20.  Denied.

3

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

## **DAMAGES**

27.     Denied.

28.     Denied.

29.     Denied.

## **CLASS ALLEGATIONS**

30.     Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

31.     Denied.

32.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

33.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

34.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

35.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

36.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which

no response is required.

37.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

38.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

39.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

40.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

41.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

42.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

43.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

44.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

45.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

46.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

## COUNT I

47.     Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

48.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied

54.     Denied.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded their reasonable attorneys' fees and costs as provided for under applicable law.

## COUNT II

55.     Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

56.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

57.     Denied.

58.     Denied.

59.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

60.     Denied.

61.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

62.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

63.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded their reasonable attorneys' fees and costs as provided for under applicable law.

## COUNT III

71.     Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

72.     Denied.

73.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

74.     Denied. The allegations in this paragraph, if any, are denied as a legal conclusion to which no response is required.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded their reasonable attorneys' fees and costs as provided for under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded their reasonable attorneys' fees and costs as provided for under applicable law.

## JURY DEMAND

86.    Defendant demands a jury by trial.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a cause of action for which relief can be granted.

2.      Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.      Defendant did not engage in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connect with the collect of a debt.

4.      Defendant did not engage in fraudulent conduct that creates a likelihood of confusion or misunderstanding.

5.      Defendant did not have the intent necessary to rise to the level of a reckless or willful act.

6.      Plaintiff failed to mitigate any damages which they may have suffered.

7.      Plaintiff has suffered no compensable damages.

8.      Plaintiff suffered no ascertainable loss of money or property.

9.      To the extent that any employee of Defendants was acting outside of the scope of his or her employment, Defendants cannot be held liable.

10.     The Fair Debt Collection Practices Act does not apply to this case.

11.     At all pertinent times, Defendants acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

12.     The purported class is not so numerous as to make joinder of all members impracticable.

13.     The purported class is not ascertainable.

14.     The questions of law or fact are not common to the purported class.

15.     The claims and defenses of the Plaintiff are not typical of the claims and defenses of the purported class.

16.     Plaintiff and Plaintiff's counsel cannot fairly and adequately protect the interests of the purported class.

17.     Prosecution of separate actions by individual members of the purported class would not create a risk of inconsistent or varying adjudications with respect to individual members of the purported class that would establish incompatible standards of conduct for Defendant.

18.     Prosecution of separate actions by individual members of the purported class would not create a risk of adjudications with respect to individual members of the purported class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19.     Defendant's alleged conduct is not generally applicable to the purported class.

20.     Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed.

DATED: November 14, 2022         Respectfully submitted:

**MRS BPO, L.L.C.**

By:    /s/ Matthew R. Bloom
            One of Its Attorneys

Matthew R. Bloom (Atty # 6292410)
KAUFMAN DOLOWICH VOLUCK LLP
30. N. LaSalle Street, Suite 1700
Chicago, IL 60602
T: (312) 646-6744
T: (312) 863-3694
Email: matthew.bloom@kdvlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, certifies that a true and correct copy of the foregoing instrument was served on the parties of record via the court's CM/ECF system.

Omar Tayseer Sulaiman, Esq.
Mohammed Omar Badwan, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
osulaiman@sulaimanlaw.com; mbadwan@sulaimanlaw.com;
mdaher@sulaimanlaw.com
**Attorneys for Plaintiff**

Dated: November 14, 2022                    By: /s/ Trish Smolik

4885-6412-2686, v. 1

12